```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


JOHNNIE MAE WALKER
AND CHRISTOPHER TAYLOR                              PLAINTIFFS

VS.                       CIVIL ACTION NO. 5:03-cv-469(DCB)(JCS)

FLANARY AND SONS TRUCKING, INC.
AND JOHN DOUGLAS MacNICOLE                          DEFENDANTS
```

ORDER

This cause is before the Court on plaintiff Christopher Taylor's motion to set aside this Court's Order of March 17, 2006 regarding motions in limine **(docket entry 59),** and the defendants' motion for costs and fees **(docket entry 60).** Having carefully considered the motions, and being fully advised in the premises, the Court finds as follows:

On March 17, 2006, this Court excluded the deposition testimony of the plaintiffs' witnesses Dr. Rush, Dr. Dole, and Dr. Cobb on the grounds that the plaintiffs had not submitted deposition transcripts by the deadline imposed by the Court, March 16, 2006. In the present motion, counsel for plaintiff Taylor explains that he had submitted the depositions to defense counsel on March 14, 2006, for reading and marking, with a request to expedite the return of the depositions to plaintiff's counsel for submission to the Court. Plaintiff's counsel did not receive the marked depositions from defense counsel until March 17, 2006. Inasmuch as the defendant has made no objection to an extension of

time, the Court shall extend the deadline to March 19, 2006, the date the depositions were received by the Court, and shall vacate that portion of its March 17, 2006, Order dealing with the defendants' motion to exclude testimony **(docket entry 43)**, the defendants' motion for full disclosure **(docket entry 45)**, and the plaintiffs' motion to exclude reference to payment of medical bills **(docket entry 57)**.  The Court shall also grant the defendants' motion for costs and fees of defense attorneys in taking the depositions noticed by the plaintiffs, there being no objection thereto.  The defendants' motion to exclude testimony **(docket entry 43)** is now moot.

   The remaining motions, the defendants' motion for full disclosure of Champerton's activities by counsel for plaintiffs **(docket entry 45)** and the plaintiffs' motion in limine to exclude reference to payment of medical bills **(docket entry 57)**, deal with the payment of the plaintiffs' medical bills from Dr. Dole by plaintiffs' former counsel, which the defendants claim violates Mississippi's champerty and maintenance statute, Miss. Code Ann. § 73-3-57.  The defendants request leave to conduct discovery to determine if other treating physicians were paid by plaintiffs' counsel.  Inasmuch as the plaintiffs do not object to the discovery, it shall be allowed.

    The plaintiffs do object, however, to the exclusion of Dr. Dole's testimony and medical expenses, and to the defendants'

submitting evidence of the payment of Dr. Dole's medical bills by plaintiffs' former counsel.  The defendants have not shown any grounds for the exclusion of the evidence; nor have they shown how the payment of medical bills by plaintiffs' former counsel is relevant to any of the issues in this case.  The remainder of the defendants' motion shall be denied, and the plaintiffs' motion granted.  Accordingly,

IT IS HEREBY ORDERED that plaintiff Christopher Taylor's motion to set aside this Court's Order of March 17, 2006 regarding motions in limine **(docket entry 59)** is GRANTED;

FURTHER ORDERED that this Court's Order of March 17, 2006, is VACATED IN PART, inasmuch as it refers to the defendants' motion to exclude testimony **(docket entry 43)**, the defendants' motion for full disclosure **(docket entry 45)**, and the plaintiffs' motion to exclude reference to payment of medical bills **(docket entry 57)**;

FURTHER ORDERED that the defendants' motion to exclude testimony **(docket entry 43)** is MOOT;

FURTHER ORDERED that the defendants' motion for full disclosure **(docket entry 45)** is GRANTED insofar as it seeks discovery concerning the payment of medical bills by counsel; and DENIED in all other respects;

FURTHER ORDERED that the discovery shall be expedited by the parties and completed before trial;

FURTHER ORDERED that the plaintiffs' motion to exclude

3

reference to payment of medical bills **(docket entry 57)** is GRANTED;

FURTHER ORDERED that the defendants' motion for costs and fees **(docket entry 60)** is GRANTED, and costs and fees are assessed against the plaintiffs in the amount of $2,978.03, as established by the defendants' Statement of Fees and Expenses Per Order of March 22, 2005.

SO ORDERED, this the ___7th___ day of April, 2006.


                                                      _____s/ David Bramlette_____
                                                    UNITED STATES DISTRICT JUDGE